## Case No. 2,811.

In re CLARK et al.

[17 N. B. R. 554.] [1]

District Court, S. D. New York. May 8, 1878.

VACATING PROVISIONAL WARRANT.

A provisional warrant issued in voluntary proceedings upon papers regular on their face, and upon proof by affidavit of facts showing that it was very necessary for the protection of the estate, will not be vacated where such facts are not disproved and it appears that the purpose of the bankrupts in making the motion is to deprive the marshal of his fees, and this whether it was one which the court had power to issue or not.

[In the matter of James A. Clark, a bankrupt.]

Hugh Porter, for motion.
Wm. F. Scott, contra.

CHOATE, District Judge. Motion to vacate a provisional warrant. The bankrupts filed their voluntary petition March 28, 1878. April 4th, and before adjudication, this warrant was issued, on affidavit of a creditor showing that the property of the firm was not safe in the hands of the bankrupts. The affidavit also stated that an adjudication had been made. The bankrupts gave notice of this motion on proof that an adjudication had not been made, and on affidavits tending to disprove in part the facts alleged in the moving papers as to the danger of allowing the bankrupts to retain possession. Before the hearing of the motion, an adjudication was made and an assignee appointed. The averment in the creditor's affidavit, that an adjudication had been made, was made by mistake. It is now insisted that the court had no power, in a voluntary case, to issue a provisional warrant before adjudication. But, without determining this question, the motion must be denied. The only object of vacating the warrant since the appointment of an assignee, is to deprive the marshal of

his charges for the custody of the property, as a charge on the estate. This is the avowed purpose of the bankrupts in pressing this motion. The warrant was issued on papers in any view regular on their face, and upon proof by affidavit of facts showing that it was very necessary for the protection of the estate, facts which the affidavits now produced in behalf of this motion do not disprove. Under these circumstances it would be highly unjust to deprive the marshal of his proper charges incurred in good faith, and whether the warrant was one which the court had power to issue or not. I do not feel called upon to vacate it. Motion denied.

## Case No. 2,812.

In re CLARK et al.

[36 Leg. Int. 414; [1] 19 N. B. R. 301.]

District Court, D. New Jersey. Sept., 1879.

OPPOSING BANKRUPT'S DISCHARGE.

In order to defeat a discharge on any of the grounds set forth in section 5110, Rev. St. U. S. (Bankrupt Law), the creditors must take the initiative. The court will not become the actor when interested parties are quiet.

[In the matter of James S. and John N. Clark, bankrupts.]

NIXON, District Judge. This is an application for a discharge by two partners, the firm having been adjudicated bankrupt. The register has made a special report in the case. He says that the bankrupts have conformed to all the modal requirements of the law, and that he recommends their discharge, unless the court will take notice of their violation of the fifth clause of section 5110 of the bankrupt act, without any appearance of opposing creditors or specification against their discharge. No creditor has formally resisted their application for a discharge; but an extended examination of the bankrupts before the register, pending the proceedings in bankruptcy, shows quite conclusively that the applicants had given fraudulent preferences, contrary to the provisions of the law, by the payment to a number of their creditors, in full, when they were hopelessly insolvent, and knew that they were so.

It has been held, and I think, properly, that in order to defeat a discharge on any of the grounds set forth in section 5110, the creditors must take the initiative. In re Schuyler [Case No. 12,494]; In re Rosenfeld [Id. 12,057]. If they do not enter an appearance and file specifications they are not regarded as opposing the discharge, but, on the contrary, as assenting to it. The court cannot be expected to become the actor, when interested parties are quiet, except in those cases where there is a question whether the modal requirements of the law have been complied with. The discharge will be granted.